UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TUWANNA L. PLANT, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Commissioner of )<br>Social Security, )<br>      Defendant. ) | CAUSE NO.: 2:13-CV-489-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DE 15], filed by Defendant Commissioner of Social Security ("Commissioner") on May 27, 2014. Plaintiff filed a response brief on June 4, 2014. The Commissioner has not filed a reply, and the time to do so has passed. In the Motion, the Commissioner asks the Court to dismiss this cause of action for lack of jurisdiction because the Plaintiff filed the Complaint one day late.

42 U.S.C. § 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). In addition, 20 C.F.R. § 422.210(c), entitled "Time for instituting civil action," provides, in pertinent part, that "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The 60-day requirement is not jurisdictional but rather constitutes a statute of limitations that may be waived by the parties. *See Linson v. Colvin*, (S.D. Ind. Oct. 24, 2013) (citing

*Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990)); *see also Sanchez ex rel. Sanchez v. Barnhart*, No. 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004) (citing *Bowen*, 476 U.S. at 479-81).

On May 24, 2012, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits under Titles II and XVI. Plaintiff requested review of the decision from the Appeals Council, and, on August 29, 2013, the Appeals Council denied Plaintiff's request for review. This action rendered the ALJ's decision the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 405(g) and § 1383(c). *See* 20 C.F.R. § 416.1481.

The notice from the Appeals Council stated that Plaintiff had sixty days from the date she received the notice to file an action in the United States District Court and that her receipt of the notice was presumed to be five days after the date of the notice. Plaintiff subsequently requested an extension of time to file a civil action, which the Appeals Council granted on November 21, 2013, granting Plaintiff until December 26, 2013, to file her civil action.

In the motion, the Commissioner argues that the Complaint is untimely because it was filed a day late on December 27, 2013. Indeed, a review of the docket shows that the Complaint is stamped as having been filed on December 27, 2013, and the Complaint was placed on the electronic docket by the Clerk of Court on December 27, 2013. However, in her response brief, Plaintiff represents that she mailed her civil action on December 23, 2013 via FedEx Standard Overnight mail. All the opening documents are dated December 23, 2013. In support, Plaintiff also attached the FedEx tracking confirmation, which shows that the documents were delivered to the Clerk of Court on December 26, 2013, at 10:47 a.m. It is not clear why the Complaint was not stamped on December 26, 2013.

A civil action is commenced by filing a complaint with the Court. *See* Fed. R. Civ. P. 3. For statute of limitations purposes, a complaint is deemed filed under Rule 3 when the complaint is in the clerk of court's custody. *See Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir. 1987). The Complaint in this case was in the custody of the Clerk of Court on December 26, 2013, and, thus, was timely filed in this case. Faced with Plaintiff's submission of the FedEx tracking confirmation, the Commissioner did not file a reply to argue otherwise.

Based on the foregoing, the Court hereby **DENIES** Defendant's Motion to Dismiss [DE 12].

SO ORDERED this 18th day of June, 2014.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATES DISTRICT COURT

cc: All counsel of record